UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>MATTHEW DAYTON WHITE,<br><br>                 Defendant. | Case No. 4:23-cr-00234-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is the Government's Motion for Revocation of Magistrate Judge's Order Overruling Government's Motion for Detention. Dkt. 14. The Defendant, Matthew White, filed a Memorandum in Objection to the Government's Motion (Dkt. 19), and the Government filed a Supplemental Proffer (Dkt. 22). The Court heard testimony and argument of counsel on October 18, 2023. Dkt. 24. During that hearing, the Court orally affirmed the Magistrate Judge's decision to release White pending trial. The Court indicated that a written decision would follow the hearing. This is that written decision. For the reasons set forth below, the Court affirms the Order Setting Conditions of Release by Chief Magistrate Judge Raymond E. Patricco at the detention hearing on September 25, 2023.[1]

---

[1] At the close of the hearing on October 18, 2023, the Court affirmed Judge Patricco's Order but with additional terms and conditions of release.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On September 14, 2023, the Grand Jury returned an Indictment charging White with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8)(A). Dkt. 1. White was arrested on September 19, 2023, and appeared for his arraignment on September 21, 2023. Dkts. 18, 6. Following a detention hearing on September 25, 2023, Chief Magistrate Judge Patricco ordered White released. Dkts. 12, 13. Judge Patricco found the Government did meet its burden of establishing by clear and convincing evidence that White was a danger to the community. However, the Court also found there were conditions that would reasonably assure the safety of any other person and the community. *See* Minute Entry, Dkt. 12. The Government now seeks revocation of Judge Patricco's Order releasing White.

## III. LEGAL STANDARD

The Government's Motion is brought pursuant to 18 U.S.C. § 3145(a)(1), which provides that "if a person is ordered released by a magistrate judge," then "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." An appeal from a release order, like an appeal from a detention order, "is governed by the provisions of section 1291 of title 28 and section 3731 of this title." 18 U.S.C. § 3145(c). Further, "[t]he appeal shall be determined promptly." *Id. United States v. Diaz*, 2018 WL 2248589, at *1 (D. Idaho May 16, 2018)!

Review of a magistrate judge's detention order is de novo, but the district court "is not required to start over in every case and proceed as if the magistrate's decision and

findings do not exist." *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir.1990). The district court must make its own independent determination on the correctness of the magistrate's findings without deference to those findings. *Id*. In aid of that determination, the district court may conduct an evidentiary hearing whether or not new evidence is offered that was not before the magistrate judge. *Id*. at 1193.

## IV. DISCUSSION

This Court conducted a *de novo* review of the entire record in this case, as well as the additional evidence presented at the hearing on October 18, 2023. At the completion of the hearing, the Court denied the Government's Motion for Revocation of Magistrate Judge's Order (Dkt. 14) but noted it would follow-up with a written decision. In reaching its decision, the Court must consider the four statutory factors to determine if White is a danger to the community or if he is a risk for non-appearance.

A.     **Risk of Non-Appearance/Safety of Community**

The Bail Reform Act, 18 U.S.C. § 3142, requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). Thus, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  There are four statutory factors, outlined in 18 U.S.C. §3142(g), to be considered in making a determination if White is a risk of non-appearance or a danger to the community.

MEMORANDUM DECISION AND ORDER - 3

1. **The Nature and Circumstances of the Offense Charged.** White is charged with Possession of Child Pornography. It is alleged that White downloaded and attempted to produce images of child pornography. Recovered images show that White attempted to produce pornographic images of himself performing sexual acts in the presence of a minor child (CV-1) as well as possession of images of torture of children and sexual abuse of children's deceased bodies. While the Court makes no determination as to the innocence or guilt of White at this time, the nature and circumstances of the offense charged weigh in favor of detention.

2. **The Weight of the Evidence Against White.** Again, while the Court makes no determination as to the innocence or guilt of White at this stage of the proceedings, the evidence presented by the Government weighs heavily in favor of detention. The electronic devices containing the images of child pornography were in White's possession as well as a text message exchange between White and his girlfriend seemingly related to the incident with CV-1.

3. **The History and Characteristics of the Person.** White is 44 years' old, a lifelong resident of Idaho, with a full-time job at JR Simplot. He has minimal criminal history; only a prior DUI. His mother is a resident of Idaho and White currently lives with her. Given his strong ties to the community, this weighs in favor of release.

4. **The Nature and Seriousness of the Offense.** This is a serious charge involving possession, and the attempted production of, child pornography. The Government voiced its concern at the hearing that White's behavior is escalating. Given

this, they proffered that White is a danger to the community and that this weighs in favor of detention.

B.     **Condition or Combination of Conditions**

Turning to the final factor, the Court must decide if there is a condition or a combination of conditions that will protect the community while White is out on pretrial release. At the initial hearing, Judge Patricco found there were conditions that could be imposed to protect the safety of the community. After conducting its own hearing, this Court likewise found there are conditions that can be imposed—including those additional conditions verbally ordered—that would protect the community.

## V. CONCLUSION

Having reviewed the Magistrate Judge's Order of Release de novo, and having considered the proffered reasons for release, the Court makes its own independent determination of the facts and concludes that while most of the factors considered weigh in favor of detention because the underlying allegations are serious and indicate White may be a danger to the community, the conditions imposed by Judge Patricco along with some additional conditions will reasonably assure the safety of others in the community. The Court will, therefore, affirm Judge Patricco's Order of Release.

## VI. ORDER

IT IS HEREBY ORDERED that:

1. The Government's Motion for Revocation of Magistrate Judge's Order (Dkt. 14) is **DENIED**.

2. The Court affirms the Order of Release entered by Chief Magistrate Judge Raymond E. Patricco with the following additional conditions:

   a. White will not possess a camera or video recording device;

   b. He will not possess a phone that has a camera or access to the Internet; and

   c. He will only be allowed to go to and from work from his home with no stops in between unless specifically preauthorized by United States Probation and Parole.

DATED: January 30, 2024

_____
David C. Nye
Chief U.S. District Court Judge